THOMAS K. GODFREY
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX: (406) 657-6989
Email: Thomas.Godfrey@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

FILED
OCT 24 2023
Clerk, U.S. District Court
District Of Montana
Great Falls

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 23-07-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | PLEA AGREEMENT (GLACIER Program) |
| KYLE RICHARD LEWELLEN, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, Thomas Godfrey, Assistant United States Attorney for the District of Montana, and the defendant, Kyle Richard Lewellen, and his attorney, Samir F. Aarab, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and, the defendant. It does not bind any other

Page 1

federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2. **Charges:** Defendant agrees to plead guilty to count 1 of the Indictment, which charges the crime of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. Count 1 carries a mandatory minimum punishment of five years to forty years imprisonment, a $5,000,000 fine, four years of supervised release, and a $100 special assessment.

3. **Nature of the Agreement:** The parties agree that this plea agreement will be governed by Rules 11(c)(1)(A) and (B) of the *Federal Rules of Criminal Procedure*. The agreement also incorporates the terms of the parties' GLACIER program contract and the defendant's waiver authorizing access to treatment information. *See* Attachment A (SEALED).

The defendant acknowledges that the agreement will be fulfilled provided: a) the United States moves to dismiss count 2 of the Indictment, and the Court agrees to dismiss count 2 of the Indictment; and b) makes the recommendations provided below.

The GLACIER Executive Committee has sought approval of a transfer of the defendant's case from this Court to the GLACIER Judicial Officer. If this Court rejects defendant's admission to the program, the parties will proceed with the other terms of this plea agreement. If the Court approves the transfer to the

GLACIER program and admits the defendant into GLACIER, under Rule 11(c)(1)(C), the parties and the Court (this District Court and the GLACIER Judicial Officer) will be bound to the following terms:

    (a)    Upon the defendant's successful completion of the GLACIER program, the GLACIER Judicial Officer will dismiss the pending criminal charges against the defendant, identified in paragraph 2, with prejudice; and

    (b)    If the defendant's participation in the program is terminated, the defendant will be sentenced by the GLACIER Judicial Officer on the pending criminal charges against the defendant, identified in paragraph 2, in accordance with the Sentencing Guidelines, 18 U.S.C. § 3553(a), any applicable statutory mandatory minimums, and consistent with the terms of this plea agreement.

The parties agree that the defendant's statement of culpability provided as part of the GLACIER obligations satisfies the requirements of 18 U.S.C. § 3553(f)(5) (the safety valve) and corresponding guidelines. Additionally, the United States agrees to consider whether the information provided in the statement constitutes substantial assistance that would justify a motion for a sentence reduction filed in accordance with 18 U.S.C. § 3553(e) and/or USSG § §5K1.1. The decision whether to file a substantial assistance motion is entirely up to the prosecution and the defendant is not offered or promised that a motion will be filed.

The defendant understands that, if the agreement is accepted by the Court, the defendant will not have an automatic right to withdraw the guilty plea even if the Court does not accept or follow the recommendations made by the United States. Rule 11(d)(2)(A), Federal Rules of Criminal Procedure. If the Court rejects the agreement, pursuant to Rule 11(c)(5), Federal Rules of Criminal Procedure, the defendant will be able to withdraw the plea and the parties will proceed to trial.

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the charge contained in count 1 of the indictment. In pleading guilty, the defendant acknowledges that:

> First, there was an agreement between two or more persons to possess methamphetamine with the intent to distribute; and
>
> Second, the defendant entered the agreement knowing of its objectives and intending to accomplish at least one of those objections.
>
> Additionally, while not a formal element of the offense, the government would also have to prove beyond a reasonable doubt that the conspiracy involved 50 or more grams of a mixture containing methamphetamine or 5 or more grams of actual methamphetamine.

5. **Waiver of Rights by Plea:**

(a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(b)  The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c)  The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(d)  The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e)  If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)  If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

_(KAP)_  _KRL_  _[signature]_  _10-18-23_
AUSA   DEF    ATTY        Date

(g)  At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h)  At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(i)  If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j)  The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k)   If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

6.   **Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines. The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by this recommendation.

7.   **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8.   **Waiver of Appeal of the Sentence – General:**

(a) *Waiver of Appeal of the Sentence:* The defendant understands the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments the admitted conduct does not fall within any statute of conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

The defendant also waives the right to appeal any aspect of a sentence imposed below or within the Guideline range upon a revocation of supervised release in this case number, except where the defendant unsuccessfully objects to the grade of violation applied by the court during the district court revocation proceedings. In that event, this waiver does not apply and the defendant may appeal the sentence imposed upon a revocation of supervised release, even if that sentence falls below or within the guideline range calculated by the court.

(b) *FOIA Waiver:* The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the

Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

9. **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

10. **Loss of Federal Benefits:** The defendant acknowledges that, based on the plea of guilty to a federal controlled substances crime, the defendant is no longer eligible for assistance under any state program funded under Part A of Title IV of the Social Security Act or benefits under the Food Stamp Act. 21 U.S.C. § 862a. The Court may also deny the defendant eligibility to participate in any federal grant, contract, loan, professional license, or commercial license. 21 U.S.C. § 862.

11. **Detention/Release After Plea:** The United States agrees that it will not move for detention, but will defer to the discretion of the Court the decision as to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and whether the defendant has clearly shown exceptional reasons why detention is not appropriate. 18 U.S.C. § 3145(c). The United States is obligated to advise the Court of the appropriate legal standards that relate to the defendant's eligibility for post-conviction release. The defendant acknowledges that obligation and

understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

12. **Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

13. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

JESSE A. LASLOVICH
United States Attorney

_____
THOMAS K. GODFREY
Assistant U. S. Attorney

_____
KYLE RICHARD LEWELLEN
Defendant

| AUSA | DEF | ATTY | Date |
|---|---|---|---|
| KAP | KRL | | 10-18-23 |

Page 10

_[signature]_

SAMIR F. AARAB
Defense Counsel